IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| John Clark Bridges, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| Director of Corrections, | ) |
| | ) Case No. 1:23-cv-035 |
| Respondent. | ) |

Before the Court is an Application to Proceed in Forma Pauperis and Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner John Clark Bridges ("Bridges"). (Doc. Nos. 2 and 3). The Court has referred this matter to the undersigned for preliminary consideration. For the reasons that follow, the undersigned recommends that the Court deny the application and dismiss the petition without prejudice for lack of jurisdiction.

I.  **BACKGROUND**

Bridges was convicted in North Dakota Case No. 08-2013-CR-02276 of attempted murder and possession of contraband by an inmate, for which he received consecutive sentences of twenty years imprisonment. Bridges v. Bertsch, 1:18-cv-266 (D.N.D.) at Doc. Nos. 16-1, 16-2, and 16-3. Sometime thereafter he was transferred by the North Dakota Department of Corrections to a federal correctional facility in Florence, Colorado, for service of his sentences. See id. at Doc. Nos 1-1 and 7.

On November 2, 2018, Bridges filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with United States District Court for the District of Colorado, challenging, among other things, the validity of his conviction in North Dakota Case No. 08-2013-CR-02276. See id. at Doc. No. 7. The United States District Court for the District of Colorado issued an order

1

on December 13, 2018, dismissing Bridges's petition in part and transferring Bridges's case to this district. See id. Although styled as § 2241 petition, it construed Bridges's petition as a § 2254 petition as evidenced by the following excerpts from its order.

> "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); see also *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).
>
> To the extent Mr. Bridges is challenging the validity of his guilty plea to attempted murder in a state court, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the federal district where he was convicted and sentenced. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("If construed as a § 2254 petition, the action should have been filed in the district in which [applicant] was convicted and sentenced . . .")
>
> * * *
>
> Mr. Bridges complains about conduct of state prison officials in North Dakota. As such, venue over a civil rights action against those officers is not proper in Colorado. "A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). However, there is no obligation to keep meritless claims alive through transfer to another court." *Johnson v. Lappin*, No. 11-1381, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (dismissing claims as legally frivolous, instead of transferring claims to appropriate federal venue); see also *Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (authorizing federal court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed.") (internal citation and quotations omitted).
>
> Mr. Bridges previously filed an action in this Court attacking the validity of his 2012 state court convictions in a North Dakota state court. *See John C. Bridges v. USA*, No. 18-cv-02683-LTB. The Court construed the pro se habeas petition liberally as a petition under 28 U.S.C. § 2254 and issued an Order

> transferring the case to the District of North Dakota, the federal district where Mr. Bridges was convicted. (*See id.* at ECF No. 4). That case is now pending in District of North Dakota Case No. 18-cv-0219-CSM. See www.pacer.gov. Mr. Bridges now challenges the validity of a 2013 state court conviction for attempted murder of a correctional officer. The Court will transfer this action to the District of North Dakota, <u>but Mr. Bridges is warned that if he files any further actions challenging a state court conviction in a state other than Colorado, his pleading will be dismissed. Mr. Bridges has now twice been notified that he must challenge the validity of a state court conviction in the federal district court of the state where he was convicted</u>.

Id. (emphasis in original).

On December 12, 2018, this Court issued an order that, among other things, directed Respondent to respond to Bridges's petition. See id. at Doc. No. 11. In so doing, it also construed Bridges's petition as a § 2254 petition. See id.

On March 4, 2019, this Court dismissed Bridges's petition with prejudice on motion by Respondent, finding that the petition was time-barred and that Bridges had otherwise failed to exhaust his available state court remedies. See id. at Doc. No. 24. The Eighth Circuit denied Bridges's subsequent application for a certificate of appealability. See id. at Doc. Nos. 38 and 39.

On February 21, 2023, Bridges initiated the above-captioned action with the submission of an incomplete "habeas packet." (Doc. No. 1). On March 15, 2023, he filed an Application to Proceed in Forma Pauperis along with a § 2254 petition challenging the validity of his conviction in North Dakota Case No. 08-2013-CR-02276 on equal protection grounds. (Doc. Nos. 1 and 2).

## II.   DISCUSSION

Before requiring Respondent to file a response to the present petition, the Court must satisfy itself that the present petition does not constitute a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This is because

3

AEDPA imposes the following restrictions on the consideration of "second or successive" petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C.§§ 2244(b)(1)-(3)(B).

One reading of § 2244(b)(1)-(3) is that any time a second petition for habeas relief is filed that its provisions apply, including the requirement for obtaining circuit court permission before the district court can entertain the petition. The Supreme Court rejected this reading of the statute, however. It concluded that Congress used the words "second or successive" as a term of art to incorporate pre-AEDPA abuse-of-writ principles and that, under these principles, not all second petitions are necessarily "second or successive" under AEDPA. In <u>Crawford v. Minnesota,</u>, the Eighth Circuit further explained:

> AEDPA does not define what is meant by second or successive, but the Supreme Court has stated that the term does not encompass all applications "filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 943–44 (2007). It is a term of art that incorporates the abuse of the writ doctrine from before AEDPA's enactment. Slack v. McDaniel, 529 U.S. 473, 486 (2000). AEDPA then codified "some of the pre-existing limits on successive petitions" and imposed additional restrictions on habeas relief. Felker, 518 U.S. at 664. It did not "expand [ ] the availability of habeas relief or allow[ ] federal courts to consider claims that would have been barred under the abuse-of-the-writ doctrine." United States v. Lopez, 577 F.3d 1053, 1066 (9th Cir. 2009) (emphasis in original). A petitioner "may abuse the writ by failing to raise a claim [in a prior petition] through inexcusable neglect" or "by raising a claim in a subsequent petition that he could have raised in his first." McCleskey v. Zant, 499 U.S. 467, 489 (1991).

Crawford v. Minnesota, 698 F.3d 1086, 1089 (8th Cir. 2012).

Applying pre-AEDPA abuse-of-writ principles, a habeas petition will generally be considered "second or successive" and therefore require circuit court permission under § 2244(b)(3)(A), if the claims it contains were presented or could have been presented in an earlier petition that has been denied on the merits. Conversely, a habeas petition generally will not be considered "second or successive" when the prior petition has been dismissed without prejudice for non-merit reasons (failure to exhaust state remedies, failure to comply with technical requirements, rejection of the petition because it is unintelligible, etc.) or when the claim could not have been included in the prior petition because the challenged conduct had not yet occurred. See Crouch v. Norris, 251 F.3d 720, 723-25 (8th Cir. 2001); Vancleave v. Norris, 150 F.3d 926, 927-28 & n.2 (8th Cir. 1998).

With respect to dismissals for untimeliness, the Eighth Circuit and others have treated these determinations on the merits for the purpose of applying AEDPA's provisions governing second or successive petitions. Diaz Diaz v. United States, 297 Fed. App'x. 574, 575 (8th Cir. 2008) (unpublished per curiam); accord In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) ("The dismissal of . . . [the] first habeas petition as time-barred was a decision on the

5

merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.") (citing other federal circuit court opinions).

As noted earlier, the habeas petition file by Bridges in Case Nos 1:18-cv-266 was dismissed because, among other things, it was untimely.  In the § 2254 petition now before the Court, Bridges challenges the same conviction that was the subject of habeas petition he filed in Case Nos 1:18-cv-266.  There is nothing in this petition that obviates the need for pre-authorization for the petition from the Eighth Circuit as required by 28 U.S.C. § 2244(b)(3)(A).  And it is clear from the record that Bridges received notice early in Case Nos 1:18-cv-266 and before Respondent filed her answer that his petition was being construed as a § 2254 petition.  Consequently, Bridges cannot credibly claim that he was unaware or did not otherwise appreciate that his original petition was being treated as a § 2254 petition.  Consequently, Bridges's current petition must be dismissed for lack of jurisdiction.  See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals).

### III.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also United States v. Lambros, 404 F.3d 1034, 1036–37 (8th Circ. 2005); Garrett v. United States, 211 F.3d 1075, 1076–77 (8th Cir. 2000).  When the court denies a petitioner's claim on procedural grounds without reaching the

merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. at 484.

In this case, reasonable jurists would not find the dismissal of Bridges's current § 2254 petition to be debatable.  Consequently, the Court should not issue Bridges a certificate of appealability.

### IV.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Court **DENY** Bridges's application to proceed in forma pauperis (Doc. No. 2), **DISMISS** Bridges's current § 2254 petition (Docket No. 3) without prejudice, and **DENY** Bridges a certificate of appealability as the dismissal of his current § 2254 petition without prejudice not is reasonably debatable.

### V.     NOTICE OF RIGHT TO FILE OBJECTIONS

Bridges shall have until April 7, 2023, to file an objection to this recommendation.  D.N.D. Civil L.R. 72.1(D)(3).  Failure to file appropriate an objection may result in the recommended action without further notice or opportunity to respond.

Dated this 17th day of March, 2023.

>  /s/ Clare R. Hochhalter
>  Clare R. Hochhalter, Magistrate Judge
>  United States District Court